UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Saleem Estremera,<br><br>          Plaintiff<br><br>   v.<br><br>Social Security Office, et al.,<br><br>          Defendants | Case No. 2:23-cv-01714-CDS-BNW<br><br>**Order Dismissing and Closing Case** |

Plaintiff Saleem Estremera brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated at Clark County Detention Center. ECF No. 1-1. On October 26, 2023, the magistrate judge ordered Estremera to either pay the $402 filing fee or file a new fully complete application to proceed *in forma pauperis* by December 27, 2023. ECF No. 3. Estremera timely filed an application to proceed *in forma pauperis*, but it was incomplete. *See* ECF No. 4. So on January 3, 2024, the magistrate judge ordered Estremera to either pay the full $402 filing fee or file a fully complete application to proceed *in forma pauperis* by February 5, 2024. ECF No. 5. The court warned Estremera that this action could be dismissed without prejudice if he failed to timely comply. *Id.* at 1–2. The second deadline expired without payment of the filing fee or an application to proceed *in forma pauperis* from Estremera.

I.   Discussion

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether

to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of Estremera's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires me to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. California Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" i.e., like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this court cannot operate without collecting reasonable fees, and litigation cannot progress without a plaintiff's compliance with court orders, the only alternative is to enter a third order setting another deadline. But issuing a third order will only delay the inevitable and further squander the court's finite resources. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

II.        Conclusion

Having thoroughly considered these dismissal factors, I find that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice based on Saleem Estremera's failure to either pay the filing fee or file a fully complete application to proceed *in forma pauperis* in compliance with the court's October 26, 2023, and January 3, 2024, orders.

The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Saleem Estremera wishes to pursue his claims, he must file a complaint in a new case and either pay the filing fee or properly apply for pauper status.

Dated: March 19, 2024

_____
Cristina D. Silva
United States District Judge